UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEVER GUZMAN-GUERRERO,<br><br>Defendant. | NO: 2:15-CR-96-RMP<br><br>PROTECTIVE ORDER AND ORDER GRANTING IN PART UNITED STATES' MOTION FOR DISCLOSURE OF SEARCH WARRANT AND MOTION FOR PROTECTIVE ORDER |

**BEFORE THE COURT** is the United States' Motion for Disclosure to Defense Counsel But Not Unsealing, ECF No. 26, and Motion for Protective Order, ECF No. 27. The Court has reviewed the motions, all relevant filings, and is fully informed.

The United States moves to disclose the sealed search warrant in this case to defense counsel. ECF No. 26. The United States indicates that defense counsel has no objections to the motion to disclose. *Id.* The United States further submits that the parties be permitted to make open and/or closed court references to the existence and/or contents of such sealed documents. *Id.* However, the United

PROTECTIVE ORDER ~ 1

1 States does request that any future pleadings that reference the content of such
2 sealed documents be filed under seal. *Id.* In tandem with the motion to disclose,
3 the United States moves for a protective order governing defense counsel's
4 possession of that sealed search warrant. ECF No. 27.
5  The Court finds good cause to grant the motions with the exception of the
6 United States' request that all future pleadings that reference the contents of the
7 sealed documents be filed under seal. If the parties desire future pleadings to be
8 filed under seal, the parties may make that motion at the time those pleadings are
9 filed. It would be counterproductive to allow reference to the contents of the sealed
10 documents in open court and yet simultaneously argue that all future pleadings
11 referencing the same information must be filed under seal. As the Court must
12 "start with a strong presumption in favor of access to court records," *Foltz v. State*
13 *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), the Court will
14 determine whether good cause exists to seal any future pleadings when those
15 pleadings are filed. Accordingly, **IT IS HEREBY ORDERED**:
16  1. United States' Motion for Disclosure to Defense Counsel But Not
17   Unsealing, **ECF No. 26**, is **GRANTED in Part and DENIED in Part.**
18   The United States may disclose the search warrant to defense counsel,
19   but not for further public dissemination, and subject to the Protective
20   Order below. The parties may make open and/or closed-court references
21   to the existence of the sealed documents.

PROTECTIVE ORDER ~ 2

2. The Search Warrant under 2:15-mj-230-JTR shall **REMAIN SEALED** pursuant to the Magistrate Judge's Order, 2:15-mj-230-JTR ECF No. 5.

3. United States' Motion for Protective Order, **ECF No. 27**, is **GRANTED.**

**IT IS FURTHER ORDERED**:

4. The United States will provide discovery materials on an on-going basis to defense counsel;

5. Defense counsel may possess but not copy (excluding the production of necessary working copies) the discovery materials, including sealed documents. A copy means a copy of the actual discovery, summarizing content of discovery, quoting from content of discovery, and providing it to the Defendant;

6. Defense counsel may show to, and discuss with, his/her client the discovery material, including sealed documents, but defense counsel shall not disclose the identity of confidential sources or information that would readily lead to the identification of confidential sources until further Court order;

7. Defense counsel shall not provide original or copies of discovery materials directly to his/her client and counsel shall explain the terms and parameters of this Protective Order to the client. "Copies" include copies of actual discovery, written summaries of discovery, and quotations taken from discovery;

PROTECTIVE ORDER ~ 3

8. Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of the Protective Order;

9. The United States and defense counsel may reference the existence and content of sealed discovery material in open and closed court proceedings relevant to 2:15-CR-96-RMP;

10. Discovery, not including attorney work product, shall be returned to the United States in its totality upon completion of the case. The Court deems the case completed upon final judgment or mandate resulting from direct appeal. The potential for future habeas proceedings does not justify retention of the discovery after the completion of the case. In the event of such proceedings, however, discovery may be made available by Court order;

11. The parties reserve the right to seek relief from the Protective Order should the need arise. Defense counsel may challenge this Order's prohibition on disclosing confidential informants to Defendant based on good cause shown that Defendant's rights to prepare a defense or to effective representation by counsel are effectively impeded by this Order;

PROTECTIVE ORDER ~ 4

12. Defense counsel shall inform Defendant of the potential penalties for violations of this Protective Order contained in Federal Rule of Criminal Procedure 16(d)(2), and that any violation of this Protective Order may be punished by contempt.

**IT IS SO ORDERED.**

The District Court Clerk is directed to enter this Order and to provide copies to counsel.

**DATED** this 25th day of September 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

PROTECTIVE ORDER ~ 5